UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| CEDRIC SMITH,<br>  a/k/a Cedric J. Smith,<br><br>    Petitioner,<br><br>v.<br><br>J.C. HOLLAND, *Warden*,<br><br>    Respondent. | Civil Action No. 13-147-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Cedric Smith[1] is an inmate confined in the United States Penitentiary-McCreary located in Pine Knot, Kentucky. Smith has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his federal bank robbery and firearm convictions. [R. 1] Smith has paid the $5.00 filing fee. [R. 5]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Smith' petition under a more lenient standard because he is not represented by an attorney,

---

[1] The Bureau of Prisons ("BOP") identifies Smith (Register No. 07790-0350) as "Cedric Smith." *See* http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&FirstName=cedric&Middle=&LastName=smith&Race=U&Sex=U&Age=&x=57&y=36 (last visited on August 27, 2013). In this case, the petitioner has identified himself as "Cedric J. Smith." So that the petitioner's identification will correspond with the BOP's designation, the Clerk of the Court will be instructed to identify the petitioner on the CM/ECF cover sheet as "Cedric Smith," and to list "Cedric J. Smith" as an alias designation for the petitioner.

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), accepts his factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed the petition, the Court must deny it because Smith can not pursue his claims under 28 U.S.C. § 2241.

## CRIMINAL CONVICTION AND PRIOR COLLATERAL CHALLENGES

A federal grand jury in Shreveport, Louisiana, returned a superseding indictment charging Smith, Larry Wayne McCray, and Eddie Lee Howard with four counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and 18 U.S.C. § 2, and with four counts of using a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2.[2] *United States v. Smith*, No. 5:91-CR-50088-DEW-MLH-1 (W.D. La. 1991) ("the Sentencing Court") Count Nine of the superseding indictment charged Smith (alone) with robbing the First National Bank of Mansfield in Stonewall, Louisiana, on June 1, 1990.[3]

Smith and McCray were tried together on counts one through ten of the superseding indictment. The jury found Smith guilty of all ten counts with which he was charged, and found McCray guilty of all eight counts with which he was charged. In November 1992, Smith received an 1128-month prison sentence. Smith appealed, claiming that the Sentencing Court

---

[2] Smith and McCray were charged together with committing the following bank robberies and with carrying firearms during those robberies: **Count One**-the January 24, 1990, robbery of the Pioneer Bank & Trust Co. on Line Avenue in Shreveport, Louisiana; **Count Three**-the February 23, 1990, robbery of the Premier Bank & Trust Co. on Greenwood Road in Shreveport, Louisiana; **Count Five**-the February 27, 1990, robbery of the Hibernia Bank on Lakeshore Drive in Shreveport, Louisiana; and **Count Seven**-the March 14, 1990, robbery of the Premier Bank on Line Avenue in Shreveport, Louisiana.

[3] Counts 11 and 12 of the superseding indictment charged co-defendant Howard with other offenses related to the armed bank robberies.

improperly allowed the prosecution to introduce into evidence a confession made by co-defendant McCray-which contained an incriminating statement against Smith-through the testimony of a prosecution witness, Detective Schach. Smith argued that the introduction of McCray's incriminating statement violated his Sixth Amendment right to confrontation under *Bruton v. United States*, 391 U.S. 123 (1968). The Fifth Circuit affirmed Smith's conviction, finding that the introduction of McCray's confession through Schach's testimony did not violate Smith's Sixth Amendment rights because (1) Schach did not mention Smith's name but instead referred only to McCray's "accomplice," (2) other evidence implicated Smith in the bank robberies. *United States v. McCray*, 997 F.2d 881, 1993 WL 261095 (5th Cir. July 7, 1993).

On March 28, 2005, Smith filed a motion in the Sentencing Court seeking a sentence reduction under 18 U.S.C. § 3582. *See* Sentencing Court Docket Sheet [R. 221, therein]. On October 4, 2005, the Sentencing Court re-characterized Smith's motion as one seeking relief from his sentence under 28 U.S.C. § 2255 and *United States v. Booker*, 543 U.S. 220 (2005), and denied the construed § 2255 motion, stating that its decision to increase Smith's sentence based on factors not determined by the jury did not violate Smith's Sixth Amendment rights. [*Id*., R. 223, therein] Smith appealed, but was denied a certificate of appealability because the Fifth Circuit concluded that he had not made a substantial showing of the denial of a constitutional right. *United States v. Smith*, No. 05-31150 (5th Cir. March 14, 2007); *see also*, Sentencing Court Docket Sheet [R. 235, therein].

## CLAIMS ASSERTED IN § 2241 PETITION

In his § 2241 petition, Smith asserts that the evidence presented at trial failed to establish either that he committed several separate bank robberies, or that he used separate firearms to commit separate bank robberies. [R. 1-1, pp. 4-5] Smith claims that only one offense was committed in a single transaction involving Counts Two, Four, Six, Eight, and Ten.[4] [*Id.*, p. 5]

Smith also contends that his conviction and sentence violate his constitutional rights because the jury was not given an instruction finding him guilty of either actively employing a firearm or placing another person's life in jeopardy during and in relation to a crime of violence. [*Id.*, p. 6; p. 8] Smith claims that the Sentencing Court improperly "stacked" the § 924(c) firearm offenses (Counts Two, Four, Six, and Ten of the Superseding indictment) and ordered them to run consecutively to the substantive bank robbery offenses (Counts One, Three, Five, Seven, and Nine of the superseding indictment).

Finally, Smith argues that the Sentencing Court, instead of the jury, improperly made findings of fact which resulted in him receiving a sentence which was 1020 months longer than it should have been. Smith contends that his 1128-month sentence violates both his Fifth Amendment right to due process of law, and his Sixth Amendment right to have a jury determine all of the factual predicates of the charged offenses. In support of his argument, Smith relies on a recent decision of the United States Supreme Court: *Alleyne v. United States*, 133 S. Ct. 2151

---

[4] Smith states:
In reality, since the crimes are not separate and distinct crimes of violence or separate and distinct firearms offenses during the Armed bank robbery, Mr. Smith factually and actually innocent of using a firearm during and in relation to a crime of violence under § 924(c) a [sic] charged in Counts Two, Four, Six, Eight, and Ten of the Indictment because the government did not present evidence to the jury sufficient enough to sustain a conviction beyond a reasonable doubt for those Counts.
[R. 1-1, p. 5]

4

(2013), which held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Id*. at 2155.

## DISCUSSION

Smith is not challenging the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, Smith challenges the constitutionality of his underlying federal conviction on Fifth and Sixth Amendment grounds. But § 2241 is not the mechanism for asserting such a challenge: 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners seeking relief from an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, 4:10-CV-36, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a § 2241 petition, where his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance in which a petitioner may use this provision is where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute the petitioner was convicted of violating in such a way that his actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). *See Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*,

105 F. App'x 13, 14-15 (6th Cir. 2004). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or where he did assert his claim in a prior post-conviction motion under § 2255, but was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

Alternatively, a prisoner proceeding under § 2241 can use the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003). An actual innocence claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."); *Prevatte*, 300 F.3d at 800-801; *Eiland v. Rios*, No. 7:07-CV-83-GFVT (E.D. Ky. May 3, 2007), *aff'd*, No. 07-5735 (6th Cir. Nov. 28, 2007) (same). Actual innocence requires factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012); *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998).

To make this showing, the movant must allege a new rule of law made retroactive by a Supreme Court case, such as the claim raised in *Bailey v. United States*, 516 U.S. 137 (1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458,

461 (6th Cir. 2001). Smith contends that *Alleyne* (which was rendered after the Sentencing Court denied his § 2255 motion), establishes a constitutional right to have all elements of the offense charged in the indictment and proven beyond a reasonable doubt to the jury; qualifies as a new rule of law which applies retroactively; and affords him relief from his sentence.

However, there is no indication in *Alleyne* that the Supreme Court made its holding retroactive to cases on collateral review. This Court has determined that with respect to a motion filed under § 2255 seeking relief from a sentence, *Alleyne* does not apply retroactively. *See United States v. Potter*, No. 7:03-21-DCR, No. 7:13-7290-DCR, 2013 WL 3967960, at *3 (E. D. Ky. July 31, 2013) (concluding that "the rule announced in *Alleyne* does not qualify as a watershed rule of criminal procedure" and noting that "[a] number of other district courts considering the matter have reached a similar conclusion"). This Court has also concluded that *Alleyne* does not afford retroactive relief to a petitioner seeking relief under § 2241. *See Luney v. Quintana*, No. 6:13-CV-3-DCR, 2013 WL 3779172, at *3 (E.D. Ky. July 18, 2013)

At least three other district court in this circuit have similarly determined that *Alleyne* does not apply retroactively to cases on collateral review. *See Mingo v. United States*, No. 1:03-CR-203–05; No. 1:13-CV-787, 2013 WL 4499249, at *2 (W.D. Mich., Aug. 19, 2013) (denying § 2255 motion because "The holding in *Alleyne* does not qualify as a new 'watershed rule.'"); *United States v. Eziolisa*, No. 3:10-CR-039, No. 3:13-CV-236, 2013 WL 3812087, at *3 (S.D. Ohio, July 22, 2013) (holding that because *Alleyne* neither places any primary conduct beyond the power of the United States to punish, nor adopts a "watershed" rule, it does not apply retroactively to a motion for relief from sentence filed under § 2255); *Carter v. Coakley*, No.

7

4:13 CV 1270, 2013 WL 3365139, at *4 (N.D. Ohio July 3, 2013) (holding that *Alleyne* did not provide relief under § 2241 because "*Alleyne* is not such an intervening change in the law and does not decriminalize the acts which form the basis of Petitioner's conviction.") Based on this authority, the Court is unable to conclude that *Alleyne* affords Smith any retroactive relief.

Moreover, Smith does not claim that he is actually innocent of the underlying bank robbery and firearm offenses of which he was convicted.[5] Instead, based on the rule announced in *Alleyne*, Smith challenges the manner in which the Sentencing Court "stacked" the sentences for the firearm offenses and determined that he would serve a 1128-month prison sentence. The savings clause, however, may only be applied when the petitioner makes a claim of actual innocence. *Alleyne* is a sentencing-error case, and claims of sentencing error may not serve as the basis for an actual innocence claim under *Martin*. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (2003). Federal courts in this and other circuits have consistently held that a challenge to a sentence, as opposed to a conviction, is not a claim of "actual innocence" which may be pursued under § 2241. *Hayes*, 473 F. App'x at 502 ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims.").

Simply put, the savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their convictions, not their sentences. *Jones v. Castillo*, 489 F. App'x

---

[5] Smith was not actually innocent of the bank robbery and firearm offenses of which he was convicted. The Fifth Circuit affirmed Smith's conviction on direct appeal, rejecting Smith's *Bruton* argument that he was denied his Sixth Amendment right to confront a witness. *See United States v. McCray,* 997 F.2d 881, 1993 WL 261095 at ** 3-4. A federal court in a post-conviction proceeding can rely on the factual conclusions made by an appellate court in the same case. *Smith v. Snyder*, 22 F. App'x 552, 553 (6th Cir. 2001); *Myers v. United States*, 198 F.3d 615, 619 (6th Cir. 1999).

864, 866 (6th Cir. 2012); *Peterman*, 249 F.3d at 462; *Mackey v. Berkebile*, No. 7:12-CV-10-KSF, 2012 WL 4433316 (E.D. Ky. Sept. 25, 2012), *aff'd*, No. 12-6202 (6th Cir. March 15, 2013) (stating that allegations of sentencing errors do not qualify as claims of actual innocence under the savings clause); *Thornton v. Ives*, No. 6:11-CV-35-GFVT, 2011 WL 4586917, at *3 (E.D. Ky. Sept. 29, 2011), *aff'd*, No. 12-5051 (6th Cir. Sept. 11, 2012) (same).

In summary, because Smith has not established a claim of actual innocence based on the *Alleyne* decision, he is not entitled to proceed under § 2241. The Court will deny his petition and dismiss this proceeding.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. The Clerk of the Court shall identify the petitioner on the CM/ECF cover sheet as "**Cedric Smith**," and shall list "Cedric J. Smith" as an alias designation for the petitioner;

2. Smith's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**;

3. The Court will enter an appropriate judgment; and

4. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This September 3, 2013.



Signed By:
*Karen K. Caldwell*
**United States District Judge**

9